FILED

**NOT FOR PUBLICATION**

DEC 08 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT EUGENE MITCHELL, | No. 08-56393 |
| Plaintiff - Appellant, | D.C. No. 3:04-cv-00550-WQH-WMC |
| v. | |
| W. BRANHAM, sued in individual capacity; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted November 17, 2009 [**]

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Robert Eugene Mitchell, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

tk/Research

defendants retaliated against him for exercising his First Amendment rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003). We reverse and remand for further proceedings.

Although the defendants submitted evidence suggesting that Mitchell was expelled from the prison law library and that his legal materials were confiscated pursuant to a legitimate prison policy, Mitchell's sworn declaration and deposition testimony indicate that the policy was not enforced against other inmates, and that it was only enforced against him in reprisal for filing law suits against prison guards. Viewed in the light most favorable to Mitchell, the evidence raises a genuine issue of material fact as to whether the defendants' actions reasonably advanced a legitimate correctional goal. *See id.* at 1289-90 (reversing summary judgment where evidence suggested that enforcement of legitimate prison procedure may have been a cover or ruse to retaliate against an inmate for filing grievances).

Accordingly, we reverse summary judgment for the defendants and remand for further proceedings.

**REVERSED and REMANDED.**